# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:22-cv-185 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| MPS AA-12, 12-gauge machine guns with the following serial numbers: 100-2, 100-3, 100, 101, 104, 105, 109, 111, 112, 113, 114, 115, and one with no serial number, | ) | Magistrate Judge Debra C. Poplin |
| | ) | |
| *Defendants*. | ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the defendant properties to the United States of America.

1. On May 26, 2022, the United States filed a Verified Complaint *In Rem* (Doc. 1) (hereinafter "Complaint") in accordance with Federal Rule of Civil Procedure G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, against MPS AA-12, 12-gauge machine guns with the following serial numbers: 100-2, 100-3, 100, 101, 104, 105, 109, 111, 112, 113, 114, 115, and one with no serial number (hereinafter "defendant properties") as properties which were manufactured by an entity that had not paid the special (occupational) tax ("SOT") or registered with the Attorney General in violation of 26 U.S.C. § 5861, and therefore forfeitable to the United States pursuant to 26 U.S.C. § 5872.

2. A Warrant of Arrest *in Rem* (Doc. 6) was duly executed on the defendant properties by the Bureau of Alcohol, Tobacco, Firearms and Explosives on June 7, 2022, pursuant to Supplemental Rule G(3)(b) and (c). (Doc. 7.)

3. Notice of this civil forfeiture action against the defendant properties was published for 30 consecutive days on an official Government website (www.forfeiture.gov) beginning on June 9, 2022, and ending on July 8, 2022, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as evidenced by the Declaration of Internet Publication (Doc. 9) filed September 20, 2022.

4. A written notice of civil forfeiture against the defendant properties with a copy of the Verified Complaint *In Rem* as required by Rule G(4)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure was sent via Federal Express, overnight mail, adult signature required, to Gerald P. Baber on or about June 13, 2022, as evidenced by the executed Service of Process (Doc. 10) filed with the Clerk of this Court on December 14, 2022.

5. No claim or answer has been filed on the defendant properties as provided by Rule G(5)(a) and (b) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the time to do so has expired.

6. Upon information and belief, no person or entity thought to have an interest in the defendant properties is an infant, incompetent, or presently engaged in military service.

7. On December 14, 2022, the United States filed a Request for Entry of Default (Doc. 11) for the defendant properties. On January 5, 2023, the Clerk of the Court entered an Entry of Default (Doc. 12) pursuant to Federal Rule of Civil Procedure Rule 55(a).

8. The United States has now moved for entry of a Default Judgment and Final Order of Forfeiture, and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted, and Default Judgment be entered as to all persons who may claim to have an interest in the defendant properties. Further, the Court finds that the United States has established in its Verified Complaint *In Rem* that the defendant properties are properties which were manufactured by an entity that had not paid the special (occupational) tax ("SOT") or registered with the Attorney General in violation of 26 U.S.C. § 5861, and are subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872, and therefore, a Final Order of Forfeiture should be entered.

9. The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby **GRANTED**.

It is therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. A Default Judgment is hereby entered as to all parties or entities, with respect to any interest they may have in the defendant properties.

2. The defendant properties are hereby forfeited to the United States of America, pursuant to 26 U.S.C. § 5872, and all right, title, and interest in the properties are hereby vested in the United States.

3. The Bureau of Alcohol, Tobacco, Firearms and Explosives or its designated agency shall dispose of the defendant properties according to law. The Clerk of Court is **DIRECTED** to **CLOSE** the case.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
s/ LeAnna R. Wilson
CLERK OF COURT